Mark S. Askanas (State Bar No. 122745)
Angel R. Sevilla (State Bar No. 239072)
James J. Torres (State Bar No. 320192)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
Email: askanasm@jacksonlewis.com
       angel.sevilla@jacksonlewis.com
       james.torres@jacksonlewis.com

Attorneys for Defendants
TARGAZYME, INC., LYNNET KOH,
CHARLES LEVINE, MARK SCHWARTZ,
ALAN LEWIS, and MICHAEL LeMAIRE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| LBS ASSOCIATES, LLC and LYNNE A. BUI, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>TARGAZYME, INC., LYNNET KOH, CHARLES LEVINE, MARK SCHWARTZ, ALAN LEWIS, AND MICHAEL LaMAIRE,<br><br>Defendants. | Case No.<br><br>(Santa Clara County County Superior Court, Case No. 16CV300780)<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331; 1367(A) AND 1441**<br><br>[FEDERAL QUESTION]<br><br>(Filed concurrently with Declaration of James J. Torres and Civil Case Cover Sheet)<br><br>2nd Amended Complaint:   May 17, 2018<br>Trial Date:   None Set |

To the Honorable Judges of the United States District Court for the Northern District of California, Plaintiffs LBS ASSOCIATES, LLC, LYNNE A. BUI, and their attorneys of record:

PLEASE TAKE NOTICE that Defendants TARGAZYME, INC., LYNNET KOH, CHARLES LEVINE, MARK SCHWARTZ, ALAN LEWIS, and MICHAEL LaMAIRE ("Defendants"), hereby invoke this Court's jurisdiction under 28 U.S.C. §§ 1331, 1367(a) and 1441(a) and remove the above-entitled action to this Court from the Superior Court of the State of California for the County of Santa Clara.

///

## PRELIMINARY STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367(a) because it is a civil action brought under federal law.

## VENUE

2. Although Defendants reserve the right to move for a transfer of venue to the venue most appropriate and convenient for all parties, Defendants allege that venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiffs brought this action in the Superior Court of the State of California, in and for the County of Santa Clara. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

3. The United States District Court, San Jose Division, is the proper division for this action under Northern District of California, Local Rule 3-2(e), which states that all civil actions which arise in the county of Santa Clara shall be assigned to the San Jose Division.

## PLEADINGS

4. On October 7, 2016, Plaintiffs filed a civil Complaint against Defendants in the Superior Court of the State of California for the County of Santa Clara ("Santa Clara Superior") entitled "*LBS Associates, LLC, et al. v. Targazyme, Inc., et al.*," Case No. 16CV300780. No federal claims were asserted in the Complaint. On October 11, 2016, Plaintiffs filed a First Amended Complaint against Defendants in Santa Clara Superior setting forth the following causes of action raised under California state law: (1) breach of contract; (2) fraud; (3) common counts; (4) invasion of privacy; (5) breach of fiduciary duty. No federal claims were asserted in the First Amended Complaint.

5. On May 17, 2018, Plaintiffs filed a Second Amended Complaint ("SAC"). A true and correct copy of the SAC has been attached to this Notice as **Exhibit A** to the

1  Declaration of James Torres, filed herewith. Plaintiffs alleged the following federal causes of action for the first time in the SAC: (1) retaliation under the Federal False Claims Act 31 U.S.C. § 3730(h); (2) violation of federal securities laws, including 15 U.S.C. § 77e (a) and (c), 15 U.S.C. § 78j, 17 C.F.R. § 240.10b-5, and 15 U.S.C. § 77q. Plaintiffs' SAC also introduces a cause of action for violation of California securities law.

6.  On June 1, 2018, Defendants filed and served their Answer in Santa Clara County Superior Court. A true and correct copy of Defendant's Answer is attached as **Exhibit B** to the Declaration of James Torres.

7.  In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiffs' counsel and filed with the Clerk of the Santa Clara County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

### TIMELINESS OF REMOVAL

8.  Defendants filed this Notice of Removal within 30 days of May 17, 2018, the date in which the Santa Clara County Superior Court granted Plaintiffs' motion to file a Second Amended Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

### FEDERAL QUESTION JURISDICTION

9.  Federal "district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *See also* 28 U.S.C. § 1367(a).

10. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. Plaintiffs' SAC raises the following federal causes of action for the first time: (1) retaliation under the False Claims Act 31 U.S.C. § 3730(h); (2) violation of federal securities laws, including 15 U.S.C. § 77e (a) and (c), 15 U.S.C. § 78j, 17 C.F.R. § 240.10b-5,

and 15 U.S.C. § 77q.

12. Accordingly, Plaintiffs' causes of action for violation of the False Claims Act and federal securities laws arise under federal law, and permits removal based on federal question jurisdiction.

### SUPPLEMENTAL JURISDICTION

13. Plaintiffs' remaining causes of action arise from the same transactions and rely on identical and/or substantially common facts for the resolution and thus form part of the same controversy under Article III as Plaintiffs' causes of action for violation of the False Claims Act and federal securities laws. (*See* Exhibit A.)

14. Plaintiffs' remaining causes of action also rely in whole or in part on the same course of conduct that Plaintiffs allege gives rise to the causes of action for violation of the False Claims Act and federal securities laws.

15. Because this Court has original jurisdiction over Plaintiffs' causes of action for violation of the False Claims Act and federal securities laws, this Court should exercise supplemental jurisdiction over Plaintiffs' remaining claims – which are within the same case or controversy – pursuant to 28 U.S.C. § 1367. *See also Sea-Land Service, Inc. v. Lpozen International*, 285 F.3d 808, 813 (9th Cir. 2002); *Picard v. Bay Area Regional Transit Dist.*, 823 F. Supp. 1519, 1526 (N.D. Cal. 1993).

16. Defendants accordingly remove the above-titled action now pending in the Superior Court for the State of California for the County of Santa Clara to this Court.

///
///
///
///
///
///
///
///

## CONCLUSION

WHEREFORE, Defendants pray that the above action now pending against them in the Superior Court of the State of California for the County of Alameda be removed to this Court.

Dated: June 6, 2018                                        JACKSON LEWIS P.C.

                                                           By:    /s/ James J. Torres
                                                           Mark S. Askanas
                                                           Angel R. Sevilla
                                                           James J. Torres
                                                           Attorneys for Defendants,
                                                           TARGAZYME, INC., LYNNET KOH,
                                                           CHARLES LEVINE, MARK SCHWARTZ,
                                                           ALAN LEWIS, and MICHAEL LeMAIRE