# EXHIBIT A

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Mark A. Campbell/Jessica B. Coffield   SB# 93595/274122<br>Murphy, Campbell, Alliston & Quinn<br>8801 Folsom Boulevard, Suite 230<br>Sacramento, CA 95826<br>TELEPHONE NO.: (916) 400-2300   FAX NO. *(Optional)*: (916) 400-2311<br>E-MAIL ADDRESS *(Optional)*: mcampbell@murphycampbell.com<br>ATTORNEY FOR *(Name)*: Plaintiffs LBS Associates, LLC and Lynne A. Bui, M.D. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS: 191 N. First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF: LBS Associates, LLC and Lynne A. Bui, M.D.

DEFENDANT: Targazyme, Inc., Lynnet Koh, Charles Levine, Mark Schwartz, Alan Lewis, and Michael LeMaire

[X] DOES 1 TO 10

**CONTRACT**
[ ] **COMPLAINT**    [X] **AMENDED COMPLAINT** *(Number)*: SECOND
[ ] **CROSS-COMPLAINT**    [ ] **AMENDED CROSS-COMPLAINT** *(Number)*:

Jurisdiction *(check all that apply)*:
[ ] **ACTION IS A LIMITED CIVIL CASE**
   Amount demanded  [ ] does not exceed $10,000
                    [ ] exceeds $10,000 but does not exceed $25,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $25,000)
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER: 16CV300780

1. Plaintiff* *(name or names)*: LBS Associates, LLC and Lynne A. Bui, M.D.

   alleges causes of action against **defendant*** *(name or names)*:
   Targazyme, Inc., Lynnet Koh, Charles Levine, Mark Schwartz, Alan Lewis, Michael LeMaire

2. This pleading, including attachments and exhibits, consists of the following number of pages: 8

3. a. Each plaintiff named above is a competent adult
      [X] except plaintiff *(name)*: LBS Associates, LLC
         (1) [ ] a corporation qualified to do business in California
         (2) [ ] an unincorporated entity *(describe)*:
         (3) [X] other *(specify)*: limited liability company

   b. [ ] Plaintiff *(name)*:
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify)*:

      b. [ ] has complied with all licensing requirements as a licensed *(specify)*:
   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.

4. a. Each defendant named above is a natural person
      [X] except defendant *(name)*:                          [ ] except defendant *(name)*:
         Targazyme, Inc.
         (1) [ ] a business organization, form unknown         (1) [ ] a business organization, form unknown
         (2) [X] a corporation                                 (2) [ ] a corporation
         (3) [ ] an unincorporated entity *(describe)*:         (3) [ ] an unincorporated entity *(describe)*:

         (4) [ ] a public entity *(describe)*:                 (4) [ ] a public entity *(describe)*:

         (5) [ ] other *(specify)*:                            (5) [ ] other *(specify)*:

*If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]

CEB Essential Forms
ceb.com

**COMPLAINT - Contract**

Code of Civil Procedure, § 425.12

**PLD-C-001**

| SHORT TITLE: LBS Associates, LLC v. Targazyme Inc. | CASE NUMBER: 16CV300780 |
|---|---|

4. *(Continued)*
   b. The true names of defendants sued as Does are unknown to plaintiff.
      (1) [X] Doe defendants *(specify Doe numbers)*: 1-5 were the agents or employees of the named defendants and acted within the scope of that agency or employment.
      (2) [X] Doe defendants *(specify Doe numbers)*: 6-10 are persons whose capacities are unknown to plaintiff.
   c. [ ] Information about additional defendants who are not natural persons is contained in Attachment 4c.
   d. [ ] Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:

5. [ ] Plaintiff is required to comply with a claims statute, **and**
   a. [ ] has complied with applicable claims statutes, *or*
   b. [ ] is excused from complying because *(specify)*:

6. [ ] This action is subject to [ ] Civil Code section 1812.10 [ ] Civil Code section 2984.4.

7. This court is the proper court because
   a. [ ] a defendant entered into the contract here.
   b. [ ] a defendant lived here when the contract was entered into.
   c. [ ] a defendant lives here now.
   d. [X] the contract was to be performed here.
   e. [ ] a defendant is a corporation or unincorporated association and its principal place of business is here.
   f. [ ] real property that is the subject of this action is located here.
   g. [ ] other *(specify)*:

8. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   [X] Breach of Contract
   [X] Common Counts
   [X] Other *(specify)*: Fraud, Invasion of Privacy, Breach of Fiduciary Duty

9. [ ] Other allegations:

10. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a. [X] damages of: $ according to proof
    b. [X] interest on the damages
       (1) [X] according to proof
       (2) [ ] at the rate of *(specify)*: percent per year from *(date)*:
    c. [X] attorney's fees
       (1) [ ] of: $
       (2) [X] according to proof.
    d. [X] other *(specify)*: punitive damages, accounting, disgorgement of gains, constructive trust, jury trial

11. [ ] The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: March 30, 2018

Mark A. Campbell
(TYPE OR PRINT NAME)                          ▶ _____
                                                (SIGNATURE OF PLAINTIFF OR ATTORNEY)

*(If you wish to verify this pleading, affix a verification.)*

PLD-C-001 [Rev. January 1, 2007]          **COMPLAINT - Contract**          Page 2 of 2
CEB | Essential eForms
ceb.com

Bui, Lynne

PLD-C-001(1)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LBS Associates v. Targazyme | 16CV300780 |

FIRST _____ CAUSE OF ACTION—Breach of Contract
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name):* LBS Associates, LLC and Lynne A. Bui, M.D.

alleges that on or about *(date):* October 11, 2014
a [X] written  [ ] oral  [ ] other *(specify):*
agreement was made between *(name parties to agreement):*

[ ] A copy of the agreement is attached as Exhibit A, or
[X] The essential terms of the agreement [ ] are stated in Attachment BC-1 [X] are as follows *(specify):*
Plaintiffs would serve as Chief Medical Officer of Targazyme, Inc. in return for compensation of $300 per hour. In January 2015, the contracting parties orally agreed to annual compensation of $350,000 minimum plus additional incentive stock equity and options for the Chief Medical Office position.

BC-2. On or about *(dates):* 2015 to 2016
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts *(specify):*
Failure to compensate Plaintiffs for their work, and failure to maintain and/or provide necessary financial information for Dr. Bui to perform her duties as Chief Medical Officer or for the company to fulfill its obligations under grants to provide information to the National Institute of Health and National Cancer Institute. In so doing, Defendants failed to act fairly and in good faith, and unfairly interfered with Plaintiffs' right to receive the benefits of the contract.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify):*
Unpaid compensation as Chief Medical Officer in excess of $800,000 and accumulating. Critically damaged stock equity due to mismanagement and financial irregularities. In reliance on Defendant's representations, Plaintiff forewent other opportunities with legitimate organizations which would have paid over $600,000 and accumulating.

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[ ] of $
[X] according to proof.

BC-6. [ ] Other: Plaintiff demands trial by jury.

Page 3 of 13

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]

CAUSE OF ACTION—Breach of Contract

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CEB | Essential
ceb.com | Forms

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LBS Associates, LLC v. Targazyme Inc. | 16CV300780 |

SECOND _____ **CAUSE OF ACTION—Fraud**
(number)

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR-1. Plaintiff *(name)*: LBS Associates, LLC and Lynne A. Bui, M.D.

   alleges that defendant *(name)*: Targazyme, Inc., Lynnet Koh

   on or about *(date)*: October 2014    defrauded plaintiff as follows:

FR-2. ☒ **Intentional or Negligent Misrepresentation**
   a. Defendant made representations of material fact ☐ as stated in Attachment FR-2.a ☒ as follows:
   Koh stated that she had invested $1,000,000 of her own money to start Targazyme, and that the company has received over $19,000,000 in grants and awards.

   b. These representations were in fact false. The truth was ☐ as stated in Attachment FR-2.b ☒ as follows:
   Targazyme Inc. has not raised eight figures, and much of the fraction it has obtained is owed back to the government because of Defendants' misuse of funds for personal purposes, and other grant defaults. Koh did not invest $1,000,000 of her own money to start Targazyme.

   c. When defendant made the representations,
      ☒ defendant knew they were false, **or**
      ☒ defendant had no reasonable ground for believing the representations were true.
   d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. ☒ **Concealment**
   a. Defendant concealed or suppressed material facts ☐ as stated in Attachment FR-3.a ☒ as follows:
   Koh and Targazyme concealed the company's weak financial position, its misuse of funds
   for personal purposes, serious defauly of grant terms with multiple government payors,
   the misuse of grant proceeds, and its long standing breach of contract with and major
   b. Defendant concealed or suppressed material facts debt to the manufacturer of its drug in development.
      ☒ defendant was bound to disclose.
      ☒ by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed or suppressed facts.
   c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if plaintiff had known the facts.

Page 4 of 13

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CEB | Essential
ceb.com | Forms

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LBS Associates LLC v. Targazyme, Inc. | 16CV300780 |

SECOND _(number)_ — **CAUSE OF ACTION-Fraud**

FR-4. ☐ **Promise Without Intent to Perform**

    a. Defendant made a promise about a material matter without any intention of performing it ☐ as stated in Attachment FR-4.a ☐ as follows:

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5. In justifiable reliance upon defendant's conduct, plaintiff was induced to act ☐ as stated in Attachment FR-5 ☒ as follows:

```
Plaintiff worked full time as Chief Medical Officer for
defendants for the past two years. Plaintiff forewent other
opportunities with legitimate organizations which would have
paid over $600,000 and accumulating.
```

FR-6 Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged ☐ as stated in Attachment FR-6 ☒ as follows:

```
Unpaid compensation as Chief Medical Officer in excess of $800,000
and accumulating. Critically damaged stock equity due to
mismanagement and financial irregularities. In reliance on
Defendant's representations, Plaintiff forewent other opportunities
with legitimate organizations which would have paid over $600,000
and accumulating. Plaintiff bui has also suffered general damage
including emotional distress in an amount as yet unascertained and
according to proof.
```

FR-7. Other: 
```
              Defendant's acts were done with malice, fraud, or oppression, and in
              reckless disregard for plaintiff's rights. Said acts were carried out by
              managing agents acting within the course and scope of their employment
              with defendant and with the intent to injure plaintiff. Defendant's
              managing agents further authorized and ratified said acts. Plaintiff is
              therefore entitled to an award of punitive and exemplary damaged in an
              amount according to proof. Plaintiff demands jury trial.
```

Page 5 of 13

PLD-C-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LBS Associates LLC v. Targazyme, Inc. | 16CV300780 |

<u>THIRD</u>   **CAUSE OF ACTION—Common Counts**
(number)

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* LBS Associates, LLC amd Lynne A. Bui, M.D.

   alleges that defendant *(name):* Targazyme, Inc.
   became indebted to   [X] plaintiff   [ ] other *(name):*

   a. [ ] within the last four years
      (1) [ ] on an open book account for money due.
      (2) [ ] because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff.

   b. [X] within the last   [X] two years   [ ] four years
      (1) [ ] for money had and received by defendant for the use and benefit of plaintiff.
      (2) [X] for work, labor, services and materials rendered at the special instance and request of defendant and for which defendant promised to pay plaintiff.
         [ ] the sum of $
         [X] the reasonable value.
      (3) [ ] for goods, wares, and merchandise sold and delivered to defendant and for which defendant promised to pay plaintiff
         [ ] the sum of $
         [ ] the reasonable value.
      (4) [ ] for money lent by plaintiff to defendant at defendant's request.
      (5) [ ] for money paid, laid out, and expended to or for defendant at defendant's special instance and request.
      (6) [ ] other *(specify):*

CC-2. $  830,000.00, which is the reasonable value, is due and unpaid despite plaintiff's demand, plus prejudgment interest  [X] according to proof  [ ] at the rate of _____ percent per year from *(date):* October 11, 2014

CC-3. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
      [ ] of $
      [X] according to proof.

CC-4. [ ] Other:

Page <u>6 of 13</u>

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]

**CAUSE OF ACTION—Common Counts**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

CEB Essential Forms
ceb.com

MC-020

| SHORT TITLE: LBS Associates v. Targazyme | CASE NUMBER: 16CV300780 |
|---|---|

FOURTH CAUSE OF ACTION: Invasion of Privacy

IP-1. Plaintiff Bui alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs as though set forth fully herein.

IP-2. Dr. Bui maintains an account with the National Institute of Health and National Cancer Institute (NIH/NCI) with extensive confidential information on her research projects, in which account she had a reasonable expectation of privacy. Without Dr. Bui's knowledge or permission, Defendants Koh and Targazyme intentionally changed the email address associated with her NIH/NCI username and changed the password to her account, locking her out of her account.

IP-3. Defendants Koh and Targazyme then used Dr. Bui's account to submit an improper, unlawful grant progress report to NIH/NCI under Dr. Bui's name. In so doing, these Defendants accessed other unrelated, confidential information in Dr. Bui's account associated with other projects.

IP-4. Defendants' intrusion and appropriation were highly offensive to Plaintiff, and would be to any reasonable person. Plaintiff was harmed, including but not limited to severe emotional distress, mental suffering, anguish and lost repuatation and goodwill in an amount as yet unascertained and according to proof.

IP-5. Defendants' conduct was a substantial factor in causing plaintiff's harm.

IP-6. Defendants' acts were done with malice, fraud or oppression, and in reckless disregard for Plaintiff's rights. Said acts were carried out by managers and supervisory employees acting within the course and scope of their employment and with the intent to profit and injure plaintiff. Defendants further ratified said acts. Plaintiff is therefore entitled to an award of punitive and exemplary damages in an amount according to proof.

IP-7. Plaintiff is entitled to an award of attorney fees under Civil Code section 3344.

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 7 of 13

Form Approved by the Judicial Council of California MC-020 [New January 1, 1987] Optional Form

CEB · Essential Forms
ceb.com

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

MC-020

| SHORT TITLE: LBS Associates v. Targazyme | CASE NUMBER: 16CV300780 |
|---|---|

FIFTH CAUSE OF ACTION: Breach of Fiduciary Duty

BFD-1. Plaintiffs allege and incorporate herein by reference each and every allegation contained in the preceding paragraphs as though set forth fully herein.

BFD-2. Plaintiffs, as Chief Medical Officer and a minority shareholder, reposed trust in all Defendants as the corporate directors, officers and majority shareholders. Defendants owed fiduciary duties to Plaintiffs to fulfill their duties, to act in the utmost good faith toward Plaintiffs, to follow the law, to disclose all material facts, and to account to Plaintiffs and keep them fully informed.

BFD-3. By failing to maintain legitimate finaicial information or records, failing to oversee or require legitimate corporate management or governance, aiding and abetting fraud, and failing to compensate workers, Defendants failed to act reasonably and breached their fiduciary duties to Plaintiffs.

BFD-4. Plaintiffs were harmed, including but not limited to unpaid compensation as Chief Medical Officer in excess of $800,000 and accumulating; critically damaged stock equity due to mismanagement and financial irregularities. Plaintiffs were induced to forego other opportunities with legitimate organizations which would have paid over $600,000 and accumulating. Further, Defendants' actions have damaged Plaintiffs' reputations in the medical and biotech industries and with the National Institute of Health and National Cancer Institute. Plaintiff Bui has also suffered general damage including emotional distress, mental suffering, anguish and lost reputation and goodwill in an amount as yet unascertained and according to proof.

BFD-5. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

BFD-6. Defendants' acts were done with malice, fraud, oppression, and/or in reckless disregard for Plaintiffs' rights. Said acts were carried out by managers and directors acting within the course and scope of their employment with defendant and with the intent to injure Plaintiffs. Defendants further ratified said acts. Plaintiffs are therefore entitled to an award of punitive and exemplary damages in an amount according to proof.

BFD-7. Plaintiffs have demanded an accounting of the relevant transactions from Defendants, but Defendants have failed and refused, and continue to fail and refuse to render such an accounting. Therefore, Plaintiffs further prays for an accounting of Targazyme's finances including without limitation an accounting of its use of federal grant funds, as well as a constructive trust over, and disgorgement of, Defendants' gains.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, **not** line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 8 of 13

| SHORT TITLE: LBS Associates, LLC v. Targazyme, Inc. | CASE NUMBER: 16CV300780 |
|---|---|

SIXTH CAUSE OF ACTION -- Retaliation Under the False Claims Act (31 USC §3730(h))

FCA – 1. Plaintiffs allege and incorporate herein by reference each and every allegation contained in the preceding paragraphs as though set forth fully herein.

FCA – 2. The defendant Targazyme, Inc. received a grant in the amount of $2,000,000 from the National Cancer Institute, a part of the National Institutes of Health (NIH/NCI). The grant was identified as SBIR #R44CA192601-01A1. The grant contained a detailed budget, earmarking specific amounts of money for specific tasks carefully tied to the enumerated objectives of the grant. The NIH/NCI required an annual progress report in a designated format which would describe specifically the progress Targazyme had made in accomplishing the tasks and reaching the objectives as well as accounting for the use of the money paid out by NIH/NCI. This information was required so that the NIH/NCI could be assured the money paid had actually been used as required, to decide whether the grant should continue into the next year and, if so, to establish the budget for the following year.

FCA – 3. As part of her work for Targazyme, the Plaintiff, Dr. Bui, assumed the role of Principal Investigator (PI) for this grant. As such, she was required to prepare, digitally sign, and certify the progress report for the first year. In late July and early August of 2016 Dr. Bui began to gather the financial information and back up documents she needed to prepare the progress report. One of the documents she acquired was a spreadsheet which depicted over $591,450.00 was drawn down by Targazyme with no accounting of how that money was spent. Per the grant, over $400,000.00 of the money to be released to Targazyme was earmarked for manufacturing of a new supply of Targazyme's drug for use in the proposed clinical trial. Dr. Bui knew that no new drug manufacturing had occurred that year.

FCA – 4. Dr. Bui made several repeated requests of Targazyme for more specific information and documents that would account for the $591,450.00 drawn down by Targazyme as depicted on the spreadsheet she had been given. She sent emails to the bookkeeper requesting the information and documents and explaining why she needed them. She copied the defendant Lynnet Koh, who was CEO and Chairman of the Board of Directors with most, if not all, of these requests. She also sent requests for this information directly to Lynnet Koh. Dr. Bui sent an email and email chain to two other directors making them aware of her investigation and that she had not been given the information to justify the expenditures. She also advised the NIH/NCI by email that she couldn't approve and submit the annual progress report to them because she had not been given the financial backup information she had requested and had to have before she could complete and submit the report.

FCA - 5. On August 12, 2016, the day following Dr. Bui's email to the NIH/NCI, Targazyme, acting through the defendant Lynnet Koh and her assistants, in retaliation for Dr. Bui's investigation and disclosure of the failure to document how grant funds were spent, changed Dr. Bui's account with the NIH/NCI, by altering her password and the associated email address, thereby locking Dr. Bui out of her own account, and obstructing her ability to act as Principal Investigator on this matter, or any other matters Dr. Bui had pending. Lynnet

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 9 of 13

| SHORT TITLE: LBS Associates, LLC v. Targazyme, Inc. | CASE NUMBER: 16CV300780 |
|---|---|

**SIXTH CAUSE OF ACTION -- Retaliation Under the False Claims Act (31 USC §3730(h)) (continued)**

and others working for Targazyme, then used the fradulently altered credentials to access the system and file a Progress Report. A few days later they repeated their wrongdoing and filed a supplement to that report. Both of these were filed under Dr. Bui's name, and both included text not written by her, that was improper, unlawful, and deceitful.

FCA - 6. Dr. Bui thereafter wrote emails to the Targazyme board of directors describing this chain of events and attaching copies of relevant emails and documents. Yet Targazyne continued with systemic retaliation and discrimination against her for her investigation and efforts to prevent a false claim from being submitted to, and/or paid by, the NIH/NCI. Targazyme abruptly ceased communicating with her about formally documenting an oral agreement she had reached with Lynnet Koh, who was acting for Targazyme, in January of 2015 for an annual salary and additional Targazyme stock and stock options. Targazyme began to advertise to the public that Dr. Bui's job was available to a replacement. These advertisements were brought to Dr. Bui's attention. In addition to being removed as PI on the $2,000,000 grant, she was removed from that role with respect to all other Targazyme NIH/NCI submissions. Her job responsibilities and duties were substantially reduced; she was systematically omitted from any important communications; and her access to the company cloud-based document depository was terminated. Finally, the Defendants terminated her email account. In this manner, Targazyme constructively and actually terminated, and breached their contract with Dr. Bui, without ever making any payment at all to her for the approximately two years of services she provided. All of these things were done because she questioned and investigated the propriety, and accuracy, of the financial information she was asked to submit to NIH/NCI and eventually disclosed to NIH/NCI that she could not submit the required progress report because Targazyme had not provided the financial information she needed.

FCA - 7. Dr. Bui's investigation, communications, and actions described in paragraphs FCA-1. through FCA - 6 above, were done "in furtherance of an action under 31 USC §§ 3730" or constituted "other efforts to stop one or more violations of 31 USC §§ 3721 et seq." as those terms are used in 31 USC § 3730(h).

FCA - 8. The Defendants' conduct described in paragraph FCA - 1. through FCA - 6. above was retaliatory and discriminatory in violation of 31 USC § 3730(h) and a substantial factor in causing general and special damages in an amount to be proven at trial. The Plaintiffs are entitled to a doubling of these compensatory damages, as well as an award of attorney fees under 31 USC § 3730(h).

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 10 of 13

| SHORT TITLE: LBS Associates, LLC v. Targazyme, Inc. | CASE NUMBER: 16CV300780 |
|---|---|

SEVENTH CAUSE OF ACTION -- Violation of Federal Securities Law

FSL – 1. Plaintiffs allege and incorporate herein by reference each and every allegation contained in the preceding paragraphs as though set forth fully herein.

FSL – 2. The written agreement described in paragraph BC-1 above provides, "Pre-IPO mezzanine raise closing, Dr. Bui's compensation is $300 per hour payable in pre-IPO stock options currently priced at $3.30 per share. Total billing for 4Q 2014 will be paid in the equivalent amount of stock options vested by December 31, 2014. Targazyme plans to put in place another longer term agreement after CEO meets Lynne." In January of 2015, subsequent to signing the written agreement, the contracting parties orally agreed to minimum annual compensation of $350,000 payable in discounted shares of Targazyme stock plus additional incentive stock equity and options. Dr. Bui worked nearly two years for Targazyme because of these agreements.

FSL – 3. The shares of stock, stock equity, and options which were the subject of the transactions described in paragraph FSL -2 immediately above, and elsewhere in this complaint, were and are, securities for which there was no registration statement filed or in effect, that were sold and/or offered to be sold by Defendants Lynnet Koh and Targazyme, by making use of the means or instruments of transportation or communication in interstate commerce, in violation of federal securities laws, including 15 USC §77e (a) and (c).

FSL – 4. The acts of misrepresentation, omission, and concealment described in paragraphs FR- 1. through FR- 3. above were committed by Lynnet Koh acting not only in her capacity as an individual but as CEO and Chairman of the board of directors of Targazyme. Those acts were done, "directly or indirectly, by these defendants, by use of the means of instrumentality of interstate commerce or of the mails"; they constituted several "manipulative or deceptive" devices prohibited by 15 USC §78j, multiple acts of "Employment of manipulative and deceptive devices" prohibited by 17 C.F.R. §240.10b-5, and "Fraudulent Interstate Commerce" prohibited by 15 USC §77q.

FSL – 5. In doing these things, Lynnet Koh and Targazyme intended to deceive, manipulate, and defraud Dr. Bui, or at least they were deliberately reckless, and these things were done with the purpose of inducing Dr. Bui to enter into the agreements described above, by creating and fostering in her the desire to acquire the securities offered by these defendants, and to work for about two years providing valuable services for the benefit of Lynnet Koh and Targazyme.

FSL – 6. Dr. Bui relied upon the truth of the representations made by these defendants, and the absence of the facts omitted and concealed from her, by entering into these agreements and by working for Targazyme for about two years, and forgoing other opportunities, as described in paragraph FR – 5. above.

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

11 of 13
Page

| SHORT TITLE: LBS Associates, LLC v. Targazyme, Inc. | CASE NUMBER: 16CV300780 |
|---|---|

SEVENTH CAUSE OF ACTION -- Violation of Federal Securities Law (continued)

FSL – 7. Because of these violations of federal securities laws, Defendants Lynnet Koh and Targazyme are liable, under 15 USC §77l, to return to Dr. Bui an amount of money equal to the consideration she paid for the securities, with interest thereon, or an amount of money as damages sufficient to make her whole.

*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 12 of 13

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

**ADDITIONAL PAGE**
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

| SHORT TITLE: LBS Associates, LLC v. Targazyme, Inc. | CASE NUMBER: 16CV300780 |
|---|---|

EIGHTH CAUSE OF ACTION -- Violation of State Securities Law

SSL – 1. Plaintiffs allege and incorporate herein by reference each and every allegation contained in the preceding paragraphs as though set forth fully herein.

SSL – 2. The shares of stock, stock equity, and options which were the subject of the transactions described in paragraph FSL -2 immediately above, and elsewhere in this complaint, were and are securities which have not been qualified for issuance under California Securities Law. They were sold and/or offered to be sold by Defendants Lynnet Koh and Targazyme, in violation of California Corporations Code §25110. All code sections referred to in this cause of action are sections of the California Corporations Code.

SSL – 3. Because those securities were sold and/or offered for sale in violation of §25110 the Defendants are liable to the Plaintiff, under §25503, for damages equal to the difference between the value of the consideration given for the security plus interest at the legal rate from the date of purchase.

SSL – 4. Lynnet Koh, acting not only in her capacity as an individual but as CEO and Chairman of the board of directors of Targazyme, offered to sell and/or sold those securities in the state of California, by means of written or oral communications that included untrue statements of material fact or omitted to state material facts necessary to make the statements made, in the light of the circumstances under which the statements were made, not misleading, and so they were done in violation of §25401.

SSL – 5. Dr. Bui relied upon the truth of the representations made by these defendants, and the absence of the facts omitted and concealed from her, by entering into the agreements described in SSL – 2 and FSL – 2., and by working for Targazyme for about two years, and forgoing other opportunities, as described in paragraph FR – 5. above.

SSL – 6. Lynnet Koh and Targazyme are liable to the Plaintiff, Dr. Bui, for rescission or damages under §25501.

SSL – 7. The Defendants Mark Schwartz, Alan Lewis, and Michael LeMaire are jointly and severally liable together with Lynnet Koh and Targazyme for the violations of California Security Laws described in SSL-2. through SSL – 6. above, under §25504, because they are each a "person who directly or indirectly controls a person liable under Section 25501 or 25503" and/or each a "director of a corporation so liable" and/or a "person occupying a similar status or performing similar functions", as those terms are used in §25504.

(Required for verified pleading) The items on this page stated on information and belief are (specify item numbers, not line numbers):

This page may be used with any Judicial Council form or any other paper filed with the court.

Page 13 of 13

Form Approved by the Judicial Council of California MC-020 [New January 1, 1987]
ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper
CRC 201, 501

LBS Associates, LLC, et al. v. Targazyme, et al.
Santa Clara County Superior Court Case No. 16CV300780

## DECLARATION OF SERVICE

I, Melissa S. Hager, declare as follows:

I am employed in the County of Sacramento, State of California; I am over the age of 18 years and not a party to this action; my business address is 8801 Folsom Boulevard, Suite 230, Sacramento, California 95826, in said County and State. On today's date, I served:

**DECLARATION OF MARK A. CAMPBELL IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

on the following person(s) at the following address(es), in the manner indicated below:

Mark S. Askanas
Angel R. Sevilla
JACKSON LEWIS P.C.
50 California Street, 9th Fl.
San Francisco, CA 94111
415-394-9400 tel.
415-394-9401 fax.
askanasm@jacksonlewis.com
angel.sevilla@jacksonlewis.com
**Counsel for Defendants**

[X] **BY UNITED STATES MAIL:** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses shown above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sacramento, CA.

[ ] **BY PERSONAL SERVICE:** I personally delivered the documents to the persons at the addresses shown above. (1) For a party represented by any attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

[ ] **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses shown above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ] **BY E-MAIL/ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses shown above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and this declaration of service was executed on April 2, 2018, at Sacramento, California.

By: *Melissa S. Hager* (signature)
Melissa S. Hager

-1-